**STATE ex rel. DALE et al., Com'rs, v. JEFFERSON.**

No. 9980—Opinion Filed Aug. 31, 1920.

Rehearing Denied Nov. 16, 1920.

(Syllabus by the Court.)

**Attorney and Client—Disbarment Proceedings —Suspension from Practice.**

Record examined, report of referee approved, and ordered that respondent be suspended from the practice of law in this state for a period of six months.

Disbarment proceedings by the State, on the relation of Frank Dale and others, commissioners, against O. Benjamin Jefferson; Phil. D. Brewer, referee. Report of referee confirmed and respondent suspended from practice for six months.

E. L. Fulton, for relators.

Archibald Bonds and J. H. Lilley, for respondent.

JOHNSON, J. This is an original action commenced in this court by the state of Oklahoma, on the relation of Frank Dale, W. J. Horton, and D. B. Madden, commissioners appointed by this court to investigate charges preferred against the defendant and others, by petition praying that the said defendant be permanently disbarred from the practice of law in the state of Oklahoma.

The petition contains two counts, which in substance are as follows:

The first count is to the effect that O. Benjamin Jefferson, was a duly licensed and practicing attorney in the state of Oklahoma; that on and prior to the year 1915, he was guardian of the person and estate of Stella Mason, whose maiden name was Manuel; that prior to February, 1917, there was an outstanding lease taken to the Prairie Oil & Gas Company, which was about to expire and this company wanted to renew the lease; that the Prairie Oil & Gas Company made an agreement with the guardian, Jefferson, to pay him the sum of $500 and his expenses to Washington, D. C., to get an extension of the lease from Stella Mason; that Jefferson did go to Washington, did accept the money for his expenses, and did accept the $500. as an attorney fee, and in so doing, is guilty of unprofessional conduct and improper practice as a lawyer, and should be disbarred from practice of law in the state of Oklahoma and his license revoked.

The second count states, in substance, that prior to May 21, 1917, Stella Mason was a minor, possessed of valuable oil land; that Stella Mason was married to Isaac Mason, and of this marriage one child was born; that Isaac and Stella became estranged shortly prior to the time of Stella reaching her majority; that Jefferson induced Isaac to believe that he, the defendant, could effect a reconciliation, but that the defendant was not in good faith and this was only a scheme and corrupt plan to obtain money from the estate of Stella Mason and Isaac Mason; that on May 28, 1917, Isaac Mason had employed other attorneys to bring proceedings to have Stella Mason declared an incompe-

tent and that certain other lawyers wished to have the incompetency proceedings dismissed, and these lawyers induced the defendant, Jefferson, to get Isaac Mason to come to the office of Vilas Vernor and there to ostensibly represent Isaac Mason, and to get him to sign a dismissal of the incompetency proceeding, and did induce Mason to sign a dismissal of said proceedings, knowing that other attorneys represented Mason; that Mason was to get $3,000 of the funds of Stella's estate, and did get same, and that the defendant got $1,050 of this, and advised Isaac Mason to leave the city, that it was dangerous for him to stay; that while pretending to act as the attorney of Isaac Mason, he, Jefferson, was the guardian of the person and estate of Stella Mason.

The respondent's answer admits that for a number of years prior to May 21, 1917, he was guardian of Stella Manuel, later Stella Mason, and admits that he is a duly licensed and practicing lawyer, but denies being guilty of unprofessional conduct.

This is a companion case in this court to State ex rel. Dale et al. v. Vernor et al., in which this court rendered an opinion on March 23, 1920; 79 Okla. 124. In the instant case, as in that, the cause was referred by this court to Hon. P. D. Brewer, referee, who heard the same and returned into this court his report containing his findings of fact and conclusions of law.

To this report the respondent filed objections and exceptions consisting of nine paragraphs, which are, in substance and effect, that the findings of the referee are not supported by the evidence, and praying that such report be not approved.

With this contention of counsel for respondent we cannot agree. As hereinbefore stated this is a companion case of State ex rel. Dale et al. v. Vernor et al., supra, in which the rules of law applicable herein were announced by this court in the syllabus of said case, and the facts, being the same, are controlling in the instant case.

We have examined the entire record, and the findings of fact of the referee are approved. It is therefore ordered that the respondent be, and he is hereby, suspended from the practice of law in this state for a period of six months.

RAINEY, C. J., and KANE, HARRISON, PITCHFORD, HIGGINS, and BAILEY, JJ., concur.